PETTIGREW, 'Appellant, v. FINK, Respondent.

(185 N. W. 1014.)

(File No. 4892.   Opinion filed December 20, 1921.   Rehearing denied
January 14, 1922.)

Animals—Cattle Trespass, Damages For—Non-notification of Owner
.Prior to Suit—Owner's Refusal to "Talk Business," As Waiver
of Right to Notice of Amount Claimed—Statutes.

Under Sec. 2923, Code 1919, providing that a person sustaining injury as mentioned in the second preceding section, before commencing suit shall notify owner or person having in charge the offending animals of such injury and the probable amount of damages, held, that where defendant owner, when approached by plaintiff and told that he would like to have settlement, "went all to pieces and was fighting mad at" plaintiff and said plaintiff ought to have had the land fenced, and would not "talk damages or anything" to plaintiff, he thereby waived the advantage of said statute; this under Sec. 44, providing that any one may waive advantage of a law intended solely for his benefit.

Appeal from Circuit Court, Fall River County.   Hon. JAMES
McNENNY, Judge.

Action by Ernest J. Pettigrew, against Ruben W. Fink, to recover damages for trespass by defendant's cattle upon plaintiff's crops.   From a judgment for defendant upon directed verdict, and from an order denying a new trial, plaintiff appeals.   Reversed, and remanded for new trial.

*E. B. Adams,* for Appellant.

*W. B. Dudley,* and *Helm & Lewis,* for Respondent.

GATES, J.   This is an action for damages claimed to have been done to plaintiff's crops by defendant's cattle.   The plaintiff offered testimony tending to support the issues raised, unless it . be in the particular hereinafter referred to, and at the conclusion thereof the trial court directed a verdict for defendant.   From the judgment entered and an order denying new trial plaintiff appeals.

Section 2923, Rev. Code 1919, provides:

"The person sustaining injury, as mentioned in the second preceding section, before commencing an action thereon shall

notify the owner or person having in charge such offending animal or animals, of such injury and the probable amount of the damages, provided he knows to whom such animal or animals belong."

Respondent contends that the trial court rightfully directed the verdict because of appellant's noncompliance with that section. The plaintiff testified to the following conversation with defendant about a week before the action was begun:

"I told Mr. Fink, I says, 'Your cattle has ate my corn and stuff,' and he acknowledged they had, and I told him I would like to have settlement, and he went all to pieces and was fighting mad at me and said I had to have it all fenced.

"Q.   When was that you notified him?   A.   About the 1st of August.

"Q.   And did he pay you the damages?   A.   No, sir; he would not talk damages or anything to me."

The above section of statute was manifestly enacted for the benefit of the owners of live stock in order to permit them to arrange for the settlement for damages before they should be subjected to suit.   If the above testimony of appellant was true, and for the purposes of this appeal we must take it to be true, the respondent prevented appellant from complying with the statute. Under such circumstances respondent must be deemed to have waived the advantages of the statute enacted for his benefit.   Rev. Code 1919, § 44.   The trial court therefore clearly erred in directing a verdict for respondent.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.